DIEMER, WHITMAN & CARDOSI, LLP
KATHRYN S. DIEMER, #133977
75 East Santa Clara Street, Suite 290
San Jose, California 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271

ATTORNEYS FOR
Creditor Steven H. Slawinski

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Jerry Ray Bassoni,<br><br>                       Debtor.<br><br>Steven Slawinski<br>                       Plaintiff,<br>v.<br>Jerry Ray Bassoni,<br>                       Defendant | Case No. 08-53123<br><br>CHAPTER 11<br><br>Adversary Proceeding No.: 09-05185<br><br>DECLARATION OF CASEY O'NEILL<br><br>Date: March 19, 2010<br>Time: 1:15 p.m.<br>Ctrm: Honorable Judge Weissbrodt |

I, Casey O'Neill, declare the following.

1. I am an employee of Diemer, Whitman & Cardosi and I have worked for the firm as a paralegal for a year and a half.

2. On April 14, 2010, I received an Order entered by the Court in the instant matter, allowing the Sheriff to release some of the settlement money from an account they had frozen and the rest was to come from a check made out by the Debtor/Defendant, Mr. Jerry Ray Bassoni to our client, Steven Slawinski on or before April 21, 2010.

3. On April 15, 2010 I forwarded a copy of the Order in the matter of Slawinski v. Bassoni to Mr. Charles and offered to pick up the check from the office when it was submitted by Mr.

1
DECLARATION OF CASEY O'NEILL

Bassoni. The check was due on or before April 21, 2010. Attached as Exhibit A, is a true and correct copy of the email I sent to opposing counsel.

4. On April 26, 2010, I sent an email requesting the status of the check. I then followed that email up with a phone call. Mr. Charles promised me that he would give me an update. He never called back. Attached as Exhibit A is a true and correct copy of the email I sent to opposing counsel.

5. On April 28, 2010, I sent another email referring to a phone call I had with defense counsel in which he promised me a status update, now seven days after the check was due. Attached as Exhibit A is a true and correct copy of the email I sent to opposing counsel.

6. On May 10, 2010, I resent the order signed by the Honorable Judge Weissbrodt to Mr. Charles, as requested by Ms. Diemer. Attached to Exhibit A is a true and correct copy of that email.

7. On or before June 8, 2010, I submitted an amended Order to the Court prepared by Ms. Diemer.

8 On or about June 9, 2010, I was informed by Judge Weissbrodt's Clerk that we were to obtain "approval as to form" from defense counsel for the amended Order.

9. On June 9, 2010, I called Mr. Charles, who indicated he would sign the Order and return it same day if I faxed it to him. I faxed it to him the same day. Attached as Exhibit B is a true and correct copy of the fax to Greg Charles, defense counsel for Jerry Ray Bassoni, including the transmission report. I also sent the same by mail on June 9, 2010.

12. I followed this up with a phone call every other day or every two days and then again, informed Ms. Diemer that I was unsuccessful.

13. As of today, it has been 80 days since Mr. Bassoni was given to pay the balance of the funds voluntarily and 30 days since I faxed the order to Mr. Charles.

///////
///////
////////
////////

14. I declare, under penalty of perjury that the foregoing is true and correct to the best of my knowledge under the laws of the United States.

Dated: July 9, 2010

*Casey O'Neill* (signature)

Casey O'Neill

---
3
DECLARATION OF CASEY O'NEILL

# EXHIBIT A

## Casey O'Neill

| | |
|---|---|
| **From:** | Casey O'Neill |
| **Sent:** | Thursday, April 15, 2010 6:20 PM |
| **To:** | 'gcharles@campeaulaw.com' |
| **Cc:** | Kathryn S. Diemer |
| **Subject:** | Court Order Issued - Slawinski v. Bassoni |
| **Attachments:** | Signed Order.pdf; Exh A and Exh B to Order.pdf |

Dear Mr. Charles:

Finally! Attached please find the court order with the exhibits. The order advises that the check be made payable to Mr. Steven Slawinski in the amount of $190,283.50 with certified funds "within seven days of the entry of order". Please let me know when the check will be available and I will be glad to pick it up from your office.

Sincerely,

Casey O'Neill
Paralegal
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)

## Casey O'Neill

| | |
|---|---|
| **From:** | Casey O'Neill |
| **Sent:** | Monday, April 26, 2010 2:33 PM |
| **To:** | 'gcharles@campeaulaw.com' |
| **Subject:** | FW: Court Order Issued - Slawinski v. Bassoni |
| **Importance:** | High |
| **Attachments:** | Signed Order.pdf; Exh A and Exh B to Order.pdf |

Dear Mr. Charles:

The client is very concerned about receiving his check, which was due on 4/21/10. What is the status of the check? I am available to pick it up today.

Sincerely,


Casey O'Neill
Paralegal
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)


**From:** Casey O'Neill
**Sent:** Thursday, April 15, 2010 6:20 PM
**To:** 'gcharles@campeaulaw.com'
**Cc:** Kathryn S. Diemer
**Subject:** Court Order Issued - Slawinski v. Bassoni

Dear Mr. Charles:

Finally! Attached please find the court order with the exhibits. The order advises that the check be made payable to Mr. Steven Slawinski in the amount of $190,283.50 with certified funds "within seven days of the entry of order". Please let me know when the check will be available and I will be glad to pick it up from your office.

Sincerely,

Casey O'Neill
Paralegal
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)

# Casey O'Neill

| | |
|---|---|
| **From:** | Casey O'Neill |
| **Sent:** | Wednesday, April 28, 2010 2:27 PM |
| **To:** | 'gcharles@campeaulaw.com' |
| **Cc:** | Kathryn S. Diemer; 'Eve Marsella' |
| **Subject:** | Check from Bassoni |
| **Importance:** | High |

Dear Mr. Charles:

You have promised to give me a status update in writing, two days ago. The check was due from Mr. Bassoni on April 21, 2010. We are now a week out from that deadline, as ordered by the Court. The client is very anxious to have this matter resolved and continues to call me on a daily basis.

Can you please advise either myself or Katie in writing what you are doing to bring this matter to resolution?

Sincerely,

Casey O'Neill
Paralegal
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)

## Casey O'Neill

| | |
|---|---|
| **From:** | Casey O'Neill |
| **Sent:** | Monday, May 10, 2010 10:02 AM |
| **To:** | 'gcharles@campeaulaw.com' |
| **Cc:** | Kathryn S. Diemer |
| **Subject:** | Slawinski v. Bassoni - Order Issued in Matter |
| **Attachments:** | Signed Order.pdf |

Dear Mr. Charles:

Attached please find the order signed on April 7, 2010 by Judge Weissbrodt. I believe that I sent a copy of this to your attention previously. Katie asked that I send you another, as there appeared to be some confusion as to whether the order had in fact been issued by the Court.

Sincerely,

Casey O'Neill
Paralegal
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)

## Casey O'Neill

**From:** Kathryn S. Diemer
**Sent:** Monday, May 10, 2010 10:52 AM
**To:** gcharles@campeaulaw.com
**Subject:** Bassoni

Dear Gregg:

My paralegal emailed you the signed court order this morning. Have you made any progress with contacting Mr. Bassoni? Honestly, he is way overdue on the payment. My client is not inclined to wait more than a day or two longer, given that we are aware that Mr. Bassoni goes to ground when he doesn't want to deal with something. I would suggest, that if you don't have contact very shortly, that we will simply levy on the Fidelity accounts. Your thoughts?

Sincerely,

Katie Diemer
Kathryn S. Diemer, Esq.
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)

## Casey O'Neill

**From:** Kathryn S. Diemer
**Sent:** Monday, June 14, 2010 8:16 PM
**To:** gcharles@campeaulaw.com
**Cc:** Casey O'Neill
**Subject:** signature on comfort order

Dear Gregg:

I am anxiously awaiting your signature on the order for Fidelity. Your client is overdue with the payment. Fidelity has asked for the comfort order. You have told Ms. O'Neill of my office that you would sign the order. The Judge's clerk is asking about your signature. When can we expect it???????

Sincerely,

Katie Diemer
Kathryn S. Diemer, Esq.
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)

## Casey O'Neill

**From:** Kathryn S. Diemer
**Sent:** Tuesday, June 29, 2010 11:13 AM
**To:** Greg Charles
**Subject:** RE: Bassoni

Thanks for letting me know. It was a bit alarming that your number couldn't be reached. By the way, both the operator and 411 specifically told us that the number was disconnected, that it was not a problem with the line. You should complain. This could be a major issue for you.

Sincerely,

Katie Diemer
Kathryn S. Diemer, Esq.
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)

---

**From:** gregcharles@gmail.com [mailto:gregcharles@gmail.com] **On Behalf Of** Greg Charles
**Sent:** Tuesday, June 29, 2010 11:11 AM
**To:** Kathryn S. Diemer
**Subject:** Re: Bassoni

I will - line has been down all morning. AT&T keeps promising us 30 more mins. UGH. Jerry is coming in at 1.30. I'll call you after.

Gregory J. Charles, Esq.
Campeau Goodsell Smith
A Law Corporation
440 North 1st Street, Ste. 100
San Jose, California 95112

PRIVILEGED AND CONFIDENTIAL: The information contained in this e-mail and any attached documents are confidential, and may be an attorney-client communication subject to the attorney-client or work product privilege. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, any review, disclosure, copying, distribution, or use of the contents of this e-mail or any attached document is strictly prohibited. If you have received this e-mail in error, please destroy it and notify the sender immediately by telephone (408.295.9555) or e-mail.

IRS CIRCULAR 230 NOTICE: Any tax advice given herein (and in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any matter or transaction addressed herein.
Telephone: 408.295.9555
Mobile: 408.493.0363
Facsimile: 408.852.0233
gcharles@campeaulaw.com

On Tue, Jun 29, 2010 at 10:51 AM, Kathryn S. Diemer <KDiemer@diemerwhitman.com> wrote:
Hi Greg:

I tried to call you at 295-9555.  Unfortunately, that number comes up as disconnected.  Can you please call me as soon as possible.

Sincerely,

Katie Diemer
Kathryn S. Diemer, Esq.
Diemer, Whitman & Cardosi, LLP
75 E. Santa Clara Street
Suite 290
San Jose, CA 95113
408-971-6270
408-971-6271(fax)


--
Scanned for viruses and dangerous content by **MailScanner**


--
Scanned for viruses and dangerous content by **MailScanner**

# EXHIBIT B

LAW OFFICES
# DIEMER, WHITMAN & CARDOSI, LLP
75 EAST SANTA CLARA STREET, SUITE 290
SAN JOSE, CALIFORNIA 95113-1312
TELEPHONE: (408) 971-6270
FACSIMILE: (408) 971-6271

## FACSIMILE TRANSMISSION COVER SHEET

| | | | |
|---|---|---|---|
| **TO:** | Gregory Charles | **FROM:** | x Kathryn S. Diemer |
| | | | __ Judith L. Whitman |
| **COMPANY/ FIRM:** | Campeau Goodsell Smith | | __ John P. Cardosi |
| **FAX NO.** | 408-295-6606 | | |
| **DATE/TIME:** | June 9, 2010 - 4:15 pm | **OUR CLIENT:** | Steve Slawinski |
| **NO. PAGES:** | 1 + cover page | **MATTER:** | |

If you do not receive the correct number of pages, please call (408) 971-6270 as soon as possible.

Original  x  will  __ will not follow by mail.

---

Dear Mr. Charles:

You advised today that you would sign the amended order "approved as to form" today so that we can send it to Judge Weissbrodt, who is standing by to sign our order.

Can you please sign and return today?

Thank you, Casey O'Neill

---

Diemer, Whitman & Cardosi counsels businesses and individuals to assist them in resolving their business disputes and problems. Part of that counseling sometimes involves consideration of the application of bankruptcy principles to the problems of the client, or opposing or related parties. Under the Bankruptcy Abuse Prevention, Consumer Protection Act of 2005, any attorney who counsels persons about the bankruptcy act must include the following language in its public presentations: "We are a debt relief agency. We help people file for bankruptcy relief under the bankruptcy code." Diemer, Whitman & Cardosi is pleased to be able to offer a wide variety of services to its clientele including advice concerning bankruptcy, whether that matter relates to creditor claims, debtor claims, preferential transfer actions, recoupment claims or any general business litigation matter.

**CONFIDENTIALITY NOTICE**
The papers accompanying this transmission may contain confidential information which is legally privileged. This information is intended only for the use of the recipient named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of any part of the information contained in this transmission is strictly prohibited. If you receive this transmission in error, please immediately notify us by telephone at our expense and return all papers to Diemer, Whitman & Cardosi at the address shown above at our expense. Thank you.

```
 1  DIEMER, WHITMAN & CARDOSI, LLP
    KATHRYN S. DIEMER, #133977
 2  75 East Santa Clara Street, Suite 290
    San Jose, California  95113
 3  Telephone:  (408) 971-6270
    Facsimile: (408) 971-6271
 4
    ATTORNEYS FOR
 5  Creditor Steven H. Slawinski
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Jerry Ray Bassoni,<br><br>　　　　　　　　Debtor.<br><br>―――――――――――――――――<br>Steven Slawinski<br>　　　　　　　　Plaintiff,<br>v.<br>Jerry Ray Bassoni,<br>　　　　　　　　Defendant | Case No. 08-53123<br><br>CHAPTER 11<br><br>Adversary Proceeding No.: 09-05185<br><br>**[Proposed] AMENDMENT TO ORDER RE MOTION TO APPROVE COMPROMISE OF CONTROVERSY PURSUANT TO BANKRUPTCY**<br><br>Date:  March 19, 2010<br>Time:  1:15 p.m.<br>Ctrm:  Honorable Judge Weissbrodt |

　　　The Motion to approve compromise of controversy regarding all claims by Creditor Slawinski, including all section 523 and 727 nondischargeability actions presented by Plaintiff STEVE SLAWINSKI came on for hearing before the Honorable Judge Arthur Weissbrodt, United States Bankruptcy Judge on March 19, 2010. John Cardosi of Diemer, Whitman & Cardosi appeared for STEVE SLAWINSKI. No party filed an objection.

　　　It appearing that notice of the Motion was duly given, the Court having considered the Motion to Approve Compromise of Controversy pursuant to Bankruptcy Rules of Procedure sections 2002(a)(3) and 9019 and there being no opposition after due and proper notice and good cause

---
1
[PROPOSED] ORDER RE MOTION TO APPROVE COMPROMISE OF CONTROVERSY PURSUANT TO BANKRUPTCY

appearing, the Court ordered the following:

1. That due and proper notice has been given to all parties entitled to notice pursuant to the Federal Rules of Bankruptcy Procedure.

2. That settlement of this matter is appropriate and in good faith.

3. That a dismissal of the causes of action based on 11 U.S.C. section 523 and 11 U.S.C. section 727 is hereby granted.

4. The settlement amount of $518,893.00 is based upon the proof of claim filed on June 8, 2009 with the bankruptcy court. The basis for the proof of claim is a State court judgment, Case No.YC02870. [Exhibit A]

5. The Court incorporates by reference, as if set forth in full, its Findings of Facts and conclusions of Law made orally on the record at the hearing on the Motion.

6. The $328,609.50 of the Fidelity Investments accounts presently held in the custody of the Los Angeles County Sheriff is directed by this order to be disbursed in full to Steven Slawinski by the Los Angeles County Sheriff upon receipt of the signed order. [Attached hereto is Exhibit B a true and correct copy of the levy document for said funds]

7. The remaining balance of $190,283.50 ($518,893.00 - $328,609.50) shall be paid to Mr. Slawinski directly from Fidelity Investments owned by Mr. Jerry Bassoni by certified funds within <u>seven days</u> of entry of the order approving the settlement agreement. If there are insufficient funds, Mr. Bassoni is to pay the remaining sum.

8. Once Mr. Slawinski receives the Settlement Amount, he will file a declaration with the court evidencing payment. Upon receipt of the court filed declaration and the funds from the Los Angeles County Sheriff, Steven Slawinski will file dismissals in the adversary cases #08 5273; #09-05185 and Mr. Bassoni's liability to Mr. Slawinski will then by satisfied in full.

[Proposed] Amendment to Order:

9. If Mr. Jerry Bassoni fails to pay $190,283.50 directly to Mr. Steven Slawinski on or before April 21, 2010, Mr. Steven Slawinski may levy directly all accounts owned by

Mr. Jerry Bassoni, including those accounts of any kind, such as IRAs, money market, savings, checking, life insurance in which either Jerry Bassoni alone or he and his deceased father, Albert Bassoni are indicated as owners of the account, and including but not limited to Fidelity Investment Life Insurance Company, Account Number 230114466 at 851 E. Hamilton Avenue, Suite 100, Campbell, CA 95008, or wherever located and related banking institutions, subsidiaries, parent companies, in which the accounts are owned by Mr. Bassoni and/or his deceased father.

10. If Mr. Jerry Bassoni fails to reimburse Mr. Slawinski the entire amount of the judgment by April 21, 2010, as previously ordered, then Mr. Jerry Bassoni must pay interest to accrue at a rate of 1.5% daily on the entire balance of $518,893.00, including attorney's and costs in connection with the levy and the enforcement of this judgment until the funds are remitted. The interest and costs are to accrue from the date of entry of the original order, April 14, 2010.

** END OF ORDER **

Date:

Approved as to Form: _____

Gregory J. Charles, Esq.
Attorney for Jerry Ray Bassoni

TRANSMISSION VERIFICATION REPORT

```
                                    TIME   : 06/09/2010 17:20
                                    NAME   :
                                    FAX    :
                                    TEL    :
                                    SER.#  : 000D5J816468
```

```
DATE,TIME          06/09  17:18
FAX NO./NAME       2956606
DURATION           00:01:10
PAGE(S)            04
RESULT             OK
MODE               STANDARD
                   ECM
```